# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| COREY DENZAL WILLIAMS, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:19-cv-00641 |
| | ) Judge Trauger |
| SONYA TROUTT, et al., | ) |
| Defendants. | ) |

## MEMORANDUM

Corey Denzal Williams, a pretrial detainee at the Sumner County Jail in Gallatin, Tennessee, filed this *pro se* civil rights action under 42 U.S.C. § 1983 against Sonya Troutt and Preston Stockdale. (Doc. No. 1 at 2.) He paid the filing fee. (Doc. No. 5.) The complaint is before the court for an initial screening, as required by the Prison Litigation Reform Act ("PLRA").

## I. Initial Review

Under the PLRA, the court must screen and dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915A. The court must also construe a *pro se* complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the factual allegations as true unless they are entirely without credibility, *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

## II. Factual Allegations

On April 13, 2019, the plaintiff went to recreation so his pod could be searched. (Doc. No. 1 at 12.) When the plaintiff returned, Officer Stockdale was waiting in his cell to strip search him. (*Id.*) The plaintiff did not refuse, but felt uncomfortable with Stockdale present due to "prior

encounters" with him. (*Id.*) Officers Stockdale and Blake asked the plaintiff to remove his clothes, and he stripped to his underwear. (*Id.*) Stockdale "got mad and combative," and the plaintiff asked him to leave. (*Id.*) Stockdale refused, and the plaintiff felt "uncomfortable and de-humanized, like [he] was sub-human, or a caged animal put on display for someone's viewing pleasures." (*Id.*)

Officer Blake grabbed the plaintiff to "control the situation," and Officer Stockdale repeatedly punched the plaintiff in the face. (*Id.*) According to the plaintiff, he was then "engulfed" by 10 to 15 officers who used "more force than was needed." (*Id.*) The plaintiff was punched, kneed, and kicked in the head and face. (*Id.*) The plaintiff suffered a swollen eye and injured thumb. (*Id.* at 5.) He alleges that he did not hit any officer during this incident. (*Id.* at 12.)

The plaintiff also alleges that the jail administration "knowingly allowed" Officer Stockdale to be present in the plaintiff's pod. (*Id.*) Specifically, he alleges that Jail Administrator Sonya Troutt "knowingly let" Stockdale enter his cell to "shake down and strip search [him]." (*Id.* at 13.) The plaintiff requests monetary damages. (*Id.* at 5.)

**B.    Standard of Review**

To determine whether a prisoner's complaint "fails to state a claim on which relief may be granted" under the PLRA's screening requirements, the court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A *pro se*

pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

C. **Discussion**

"To prevail on a cause of action under § 1983, a plaintiff must prove '(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law.'" *Winkler v. Madison Cty.*, 893 F.3d 877, 890 (6th Cir. 2018) (quoting *Shadrick v. Hopkins Cty.*, 805 F.3d 724, 736 (6th Cir. 2015)).

1. **Capacity of Defendants**

There are two defendants in this action—Jail Administrator Sonya Troutt and Correctional Officer Preston Stockdale. (Doc. No. 1 at 2.) The plaintiff checked a box reflecting that he brings this action against Troutt in her individual capacity, and left the "official capacity" box blank. (*Id.*) Conversely, the plaintiff checked a box reflecting that he brings this action against Stockdale in his official capacity, while leaving the "individual capacity" box blank. (*Id.*)

"[A] plaintiff's failure to explicitly state 'individual capacity' in the complaint is not necessarily fatal to" individual-capacity claims. *Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003). "'If a [Section] 1983 plaintiff fails to affirmatively plead capacity in the complaint, [the court] then look[s] to the course of proceedings to determine whether' the defendants received sufficient notice that they might be held individually liable." *Goodwin v. Summit Cty.*, 703 F. App'x 379, 382 (6th Cir. 2017) (quoting *Moore v. City of Harriman*, 272 F.3d 769, 771 (6th Cir. 2001)). In considering "the defendants' notice of their potential individual liability," the court analyzes "factors [such] as the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint." *Id.* (quoting *Moore*, 272 F.3d at 772 n.1).

3

Here, the complaint places Defendant Stockdale on sufficient notice that the plaintiff is suing him as an individual. The caption of the complaint lists both Troutt and Stockdale by name only, not their official titles. (Doc. No. 1 at 1.) He requests compensatory and punitive damages. (*Id.* at 5.) And, perhaps most importantly, the essence of the plaintiff's claim is that Stockdale personally assaulted him in his cell. (*Id.* ("I was assaulted by 'Officer Stockdale' [no one] else was involved.").) Finally, the Sixth Circuit has specifically noted that the court should resolve any doubt about whether to construe a complaint "against the defendants individually" in a *pro se* plaintiff's favor. *See Lindsay v. Bogle*, 92 F. App'x 165, 169 (6th Cir. 2004) (citing *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999)) ("To the extent doubt persists that this combination of factors warrants construing the complaint as one against the defendants individually, this doubt should be resolved in Lindsay's favor as a pro se plaintiff."). Accordingly, the court will consider the plaintiff's claims against the defendants in both their individual and official capacities.

### 2. Dismissal of Official-Capacity Claims

Defendants Troutt and Stockdale are employees of the Sumner County Sheriff's Department. (Doc. No. 1 at 2.) "[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Thus, the plaintiff's official-capacity claims against are essentially claims against Sumner County. To state a claim against Sumner County, the plaintiff must allege that he "suffered a constitutional violation" and that the County's "policy or custom directly caused the violation." *Hadrick v. City of Detroit, Mich.*, 876 F.3d 238, 243 (6th Cir. 2017) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)). Here, even liberally construing the complaint, the plaintiff makes no such allegation regarding a policy or

custom. The plaintiff, therefore, fails to state a claim against Sumner County, and his official-capacity claims will be dismissed.

### 3. Dismissal of Individual-Capacity Claim against Defendant Troutt

The plaintiff's only allegation against Jail Administrator Sonya Troutt is that she "knowingly let" Defendant Stockdale "come in [his] cell to shake down and strip search [him], and assaulted [him]." (Doc. No. 1 at 13.) He also alleges that "Sumner County Jail Administration knowingly allowed" Defendant Stockdale "to come back in these pods around inmates and [the plaintiff]." (*Id.* at 12.) These allegations are insufficient to state a claim against Troutt.

"Section 1983 liability must be premised on more than . . . the right to control one's employees." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009) (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). Thus, a claim against a supervisor official "must fail . . . unless 'the supervisor encouraged [a] specific incident of misconduct or in some other way directly participated in it.'" *Cardinal v. Metrish*, 564 F.3d 794, 802–03 (6th Cir. 2009) (quoting *Combs v. Wilkinson*, 315 F.3d 548, 558 (6th Cir. 2002)). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* at 803 (quoting *Combs*, 315 F.3d at 558). Here, the plaintiff's vague allegation that Defendant Troutt "knowingly let" Defendant Stockdale assault him does not reflect the type of "direct participation" necessary for liability under Section 1983. Accordingly, Sonya Troutt will be dismissed as a defendant.

### 4. Individual-Capacity Claim against Defendant Stockdale

The plaintiff alleges that Defendant Stockdale repeatedly punched him in the face after he asked Stockdale to leave his cell during a strip search. He also alleges that one other officer grabbed him, and several other officers "engulfed" him, but the plaintiff specifies that it was only Defendant

5

Stockdale who "assaulted" him. (Doc. No. 1 at 5 ("I was assaulted by 'Officer Stockdale' [no one] else was involved.").) The plaintiff suffered a swollen eye and injured thumb.

As a pretrial detainee, the Due Process Clause of the Fourteenth Amendment establishes the plaintiff's right to be free from excessive force. *Coley v. Lucas Cty., Ohio*, 799 F.3d 530, 537–38 (6th Cir. 2015) (discussing *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015)). "[W]hen assessing pretrial detainees' excessive force claims [the court] must inquire into whether the plaintiff shows 'that the force purposely or knowingly used against him was objectively unreasonable.'" *Id.* at 538 (quoting *Kingsley*, 135 S. Ct. at 2473). This inquiry should "account for the 'legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained,' appropriately deferring to 'policies and practices that in th[e] judgment' of jail officials 'are needed to preserve internal order and discipline and to maintain institutional security.'" *Kingsley*, 135 S. Ct. at 2473 (quoting *Bell v. Wolfish*, 441 U.S. 520, 540 (1979)).

Here, accepting the plaintiff's allegations as true, the court concludes that the plaintiff has stated an excessive force claim against Defendant Stockdale.

## III. Conclusion

For these reasons, the plaintiff's excessive force claim against Defendant Stockdale in his individual capacity will be referred to the Magistrate Judge for further proceedings consistent with the accompanying order, and all other claims and defendants will be dismissed.

ALETA A. TRAUGER
United States District Judge